# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAJ EL HELITON BEY, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | 1:24-CV-812-RP-ML |
| THE UNITED STATES OF | § | |
| AMERICA CORPORATION, | § | |
|     Defendant. | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND
## REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

### I.  REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted

leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

**II.     STANDARD OF REVIEW**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.    REVIEW OF THE MERITS OF THE CLAIM

Plaintiff Bey attempts to sue the "United States of America Corporation." Dkt. 1 at 1. Bey asserts that he is:

> an Indigenous Sovereign of the Unified Washitaw De Deugdahmoundyah Mu'ur Nation, established by Chief Ambassador Raj Bey, and The Moorish Science Temple of American (prophet Noble Drew Ali) and the United Washitaw De Dugdahmoundyah Mu'ur Nation, which operates as autonomy or a self-governed nation. Yet, we recognize Her Highness, Verdiacee "Tiara" Tunica (Turner) Washitaw (Washington) Goston EL-Bey, of the Empire of Washitaw De Dugdahmoundyah Mu'urs as our Empress. I am domiciled in a foreign jurisdiction to the corporate State and federal "United States" (e.g .. District of Columbia, Puerto Rico, U.S. Virgin Islands, American Samoa, and Guam) or ANY other territory, area or conclave "within the United States." I am NOT a legal "person" or U.S. citizen" as described in 26 CFR 1.1-1(c), governed under naturalization or immigration, NOT a 14th Amendment citizen of the District of Columbia (DC)." The terms "United States" and "U.S" are NOT to be construed or assumed under ANY circumstances to imply or include the sovereign "50 states" or the "united states of America."
>
> Therefore, I am NOT subject to the statutory, colorable law jurisdiction of the United States in the corporate monopoly of the federal, State, local and municipal governments

*Id.* at 4–5 (unaltered).

> Regarding relief, he:
>
> respectfully requests this Honorable Court to enter an order(s) recognizing his said nationality and his unalienable rights as an Aboriginal Indigenous Sovereign of the Americas, because affiant originates from the land; therefore, he rightfully owns the land.
> 1. Additionally, I, Raj El Heliton Bey and Tribal Children, are natural persons, a native, natural being, and human being, the affiant cannot be taxed, arrested, detained, or prosecuted civilly or criminally in any colorable court of law for the expressed exercise of any God given Human and Natural Rights, because affiant doesn't belong to the Jurisdiction of the UNITED STATES.
> 2. Please enter an order declaring that jurisdiction over the affiant belongs to himself and his sovereign tribe, Washitaw de Dugdahmoundyah, Muur (Moor), which is a native tribe of the Republic of the United States of America; in which, the Washitaw enjoy Diversity of Citizenship Jurisdiction, because they are a nation within a nation. All Washitaw Moors ertjoy dual citizenship status. The Washitaw Moors are citizens of the United States of America, also known as The Republic, and Citizens of their tribe, which is Washitaw.

3

*Id.* at 28.

> In support of his requested for relief, he:
>
> Assert[s] [his] full birthrights - sovereignty and substantive rights and claim to hereditaments - being a Sundry Free Moor/Muur and a (Natural Being) pursuant to: Moabite/Moorish Pedigree; The Free Moorish Zodiac Constitution; The Great Seal of the Moorish Nation (Ab Antiquo); The Treaty of Peace and Friendship - 1787 / 1836; The Sundry Free Moors Act of 1790; The 1781 Organic United States Constitution; The Moorish Federal Financiers Act (Union States Army: 1861 - 1863); The 1854 Roman Catholic Magna Charla; the Knights of Columbus Code; The Ku Klux Klan Oath; The United Nations Charter, Article 55( c ); The Rights of Indigenous People: Part I, Articles I, 2, 3, 4, 5; Part II, Article 6; The United States Supreme Court – 'Acts of State'; The foreign Sovereign Immunities Act 28 USCI601; et Sequa., The Convention on International Road Traffic -Day 19, September 1949, The World Court Decision, The Hague, Netherlands - Day 21, January 1958 A.D = 1378 M.C. In reference to the Rights of the Natural People and Substantive Rights, etc., the following are pertinent Supreme Court Decisions, (Stare Decisis) . . . .

Dkt. 1 at 19–20.

Plaintiff's claims lack an arguable basis in fact because they describe "fantastic or delusional scenarios" and should be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327–28. Bey's Complaint is "'replete with identifying characteristics of the sovereign citizen movement' and raise[s] arguments that are 'indisputably meritless.'" *Sec. & Exch. Comm'n v. Meta 1 Coin Tr.*, No. 1:20-CV-273-RP, 2020 WL 1931852, at *3 (W.D. Tex. Apr. 21, 2020) (quoting *Westfall v. Davis*, No. 7:18-CV-00023-O-BP, 2018 WL 2422058, at *2–3 (N.D. Tex. May 4, 2018), report and recommendation adopted, No. 7:18-CV-023-O-BP, 2018 WL 2414794 (N.D. Tex. May 29, 2018)).[1]

---

[1] *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."); *and see* Caesar Kalinowski IV, A Legal Response to the Sovereign Citizen Movement, 80 MONT. L. REV. 153, 193 (2019) ("Voicing concerns over the federal government's overreach into citizens' lives, Sovereign Citizens make the unfortunate mistake of relying on non-binding or irrelevant legal definitions and misreading judicial opinions to avoid regulation or invoke rights that have no basis in law.").

Bey's claim that he is a sovereign citizen because of his purported status as a member of the Unified Washitaw De Deugdahmoundyah Mu'ur Nation. His Complaint is "'fanciful' and 'without merit.'" *See Askew ex rel. Plaintiff—Appellant v. United States*, No. 22-10914, 2023 U.S. App. LEXIS 2891, at *1 (5th Cir. 2023) (per curiam) (unpublished) (concluding complaint asserting sovereign citizenship derived from purported tribal affiliation was "frivolous and entirely without merit").[2] Accordingly, the undersigned will recommend dismissal of the Complaint with prejudice.

### IV.   ORDER AND RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) is **GRANTED**. The undersigned **RECOMMENDS** the District Court **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the undersigned should now be **CANCELED**.

### V.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

---

[2] "Unpublished opinions issued in or after 1996 are 'not controlling precedent' except in limited circumstances, **but** they 'may be persuasive authority.'" *Watt v. New Orleans City*, No. 23-30050, 2023 U.S. App. LEXIS 27453, at *5 n.7 (5th Cir. 2023) (quoting *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (emphasis added).

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED August 7, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE